{¶ 28} I respectfully dissent from the majority opinion. Under Terry v. Ohio (1968), 391 U.S. 1, 88 S.Ct. 1868, a police officer may stop and investigate unusual behavior, even without probable cause to arrest, if he has sufficient evidence to reasonably conclude that criminal activity is afoot. The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21. An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez (1981), 449 U.S. 411, 417,101 S.Ct. 690. Further, it is well settled that where "an initial intrusion by police officers is lawful, an incriminating object that comes into plain view during that intrusion may be preserved without a warrant." State v. Rogers (May 21, 1998), Cuyahoga App. Nos. 72736, 72737.
 {¶ 29} In the instant case, the police officers involved were writing parking tickets on a street with which they are familiar, at 5:00 a.m., and witnessed defendant emerging from a house they know to be a "crack house," based on their experience in that area. Defendant then got into the passenger side of a car parked on a street. When the officers approached the car, the defendant refused to comply with their request to show his hands. One of the officers further testified that the defendant was making "furtive movements," which could have been interpreted as scrambling for a weapon or hiding illegal substances.
 {¶ 30} Regardless of the fact that the defendant was not the driver of the car, it seems reasonable that the officers developed suspicion of criminal activity based on the defendant's actions.
 {¶ 31} Therefore, in light of the totality of the circumstances, see State v. Bobo (1988), 37 Ohio St.3d 177, I believe the trial court erred in granting the motion to suppress. Taken together, the location of the defendant's car, the fact that he emerged from a known drug house, and the furtive movements and gestures made once inside the car could have given the officers the level of suspicion necessary to justify aTerry stop.